IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER RHODES, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 2:19-cv-01366 |
| v. | : | |
| | : | |
| NICOLE PRAUSE and LIBEROS LLC, | : | *Electronically Filed* |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED.R.CIV.P. 12(b)(2) and/or ALTERNATIVE MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE and/or ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)**

AND NOW, Defendants, Nicole Prause and Liberos, LLC ("Liberos"), by and through their counsel, file this Motion to Dismiss/Motion to Strike Pursuant to Rule 12, stating as follows:

**OVERVIEW**

1.   Plaintiff's claims must be dismissed for three reasons. First, this Court lacks personal jurisdiction over Dr. Prause and Liberos, as both Defendants are domiciled in California and the statements at issue in this defamation action were not directed to Plaintiff as a Pennsylvania resident.  Therefore, Defendants do not have minimum contacts with Pennsylvania. Second, California substantive law applies to this matter, including California's anti-SLAPP statute.  The California anti-SLAPP statute operates to bar meritless defamation claims that are designed to curtail exercise of free speech rights.  Finally, Plaintiff's defamation claims fail as a matter of law.

1

## FACTUAL BACKGROUND

2. This purported defamation matter arises from online posts made by Dr. Prause.[1] Plaintiff Alexander Rhodes is an individual who resides in the greater Pittsburgh area. (Cmplt. ¶ 1). He is the founder and sole member of NoFap, LLC, and operates a website called "NoFap", which purports to engage in discussion with others regarding pornography and the problems of excessive consumption and compulsive sexual behavior. (Cmplt. ¶¶9-11). Rhodes maintains the NoFap website as well as a forum on Reddit (a "subreddit") devoted to the same topics. (Cmplt. ¶¶9-10). Likewise, Plaintiff maintains a Twitter account at the handle @nofap, as well as his own personal Twitter account at the handle @AlexanderRhodes.

3. By his own account, Rhodes has "become a widely recognized figure" within the field of excessive pornography viewing. (Cmplt. ¶ 12). Rhodes claims to have been interviewed for articles about pornography addiction by *Time Magazine,* the *Pittsburgh Post-Gazette* and *The New York Times*. (Cmplt. ¶ 14). He also states that he has been interviewed on NPR's *Here & Now*, Showtime's *Dark Net,* CNN's *This is Life with Lisa Ling*, and CBS's *The Doctors*. (Cmplt. ¶ 15). Rhodes has also written an opinion piece in the *Washington Post*, and his website NoFap has been featured in *Esquire, Business Insider, Cosmopolitan,* and *New York Magazine*. (Cmplt. ¶18).

4. Dr. Prause is a licensed psychologist who resides in Los Angeles, California. (Cmplt. ¶20). According to Plaintiff's Complaint, Dr. Prause frequently argues against the existence of "porn addiction" and pornography-induced sexual dysfunctions. (Cmplt. ¶20).

---

[1] All facts outlined in this Motion to Dismiss are taken from the Complaint and are accepted as true for purposes of this Motion to Dismiss only. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d. Cir. 2002); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d. Cir. 1986).

Dr. Prause is the founder and President of Liberos, LLC, also based in Los Angeles, California, which is a sexual biotechnology company. (Cmplt. ¶21).

5. Plaintiff's claims are apparently based on a series of allegedly "False Statements" made online by Dr. Prause primarily regarding NoFap. While Plaintiff alleges that Dr. Prause insulted and criticized Rhodes online for three years prior to October of 2019, the Complaint and Exhibits thereto focus on the time period from October 27, 2018 through the present. (Cmplt. ¶25). Plaintiff alleges that Dr. Prause falsely accused Rhodes of threatening to stalk Dr. Prause, cyberstalking Dr. Prause and other women, harassing Dr. Prause, being subject to a restraining order, being misogynistic, and promoting the "Proud Boys." (Cmplt. ¶ 26). Plaintiff also claims that Dr. Prause reported Rhodes to the FBI for his misconduct. (Cmplt. ¶ 27). Plaintiff alleges that Dr. Prause made misrepresentations to the producers of the show *The Doctors* regarding Rhodes stalking her after Dr. Prause was asked to be on the same episode. (Cmplt. ¶¶57-58).[2]

6. Plaintiff's Complaint also contends that Dr. Prause has accused NoFap of being a hate group, that NoFap promotes discrimination against protected groups, and supports misogyny and antisemitism. (Cmplt. ¶ 28). Plaintiff collectively refers to all of the above (regardless of whether the statements are directed to NoFap, other individuals, or Rhodes himself) as the "False Statements," and attaches screenshots of these exchanges as Exhibit 1 to the Complaint.[3] (Cmplt. ¶ 28, Exhibit 1 to the Complaint).

---

[2] Ultimately, Rhodes appeared on that episode and Dr. Prause declined to participate.
[3] Importantly, and as discussed further below, many of the online exchanges of which Plaintiff complains are directed to and undertaken by the official NoFap company Twitter account, not Rhodes personally.

**LEGAL ARGUMENT**

7. For the reasons more fully stated in the Memorandum of Law in Support of this Motion, which is incorporated herein by reference, Plaintiff's Complaint should be dismissed because this Court lacks personal jurisdiction over Defendants.

8. Both Dr. Prause and Liberos lack the minimum contacts necessary to establish either general or specific jurisdiction in this matter.

9. Both Dr. Prause and Liberos are domiciled in California, and none of the alleged defamatory statements were directed to Rhodes as a resident of Pennsylvania. The comments and exchanges of which Plaintiff complains were not directed at and did not involve Rhodes directly, but NoFap.

10. Dr. Prause did not post any of her comments or information for the purposes of doing business in Pennsylvania.

11. As such, Plaintiff's Complaint should be dismissed with prejudice.

12. Second, and alternatively to the jurisdictional argument, Plaintiff's Complaint should be dismissed pursuant to the California anti-SLAPP statute.

13. As set forth more fully in the Memorandum of Law in Support of this Motion, which is incorporated herein by reference, application of a conflicts of laws analysis demonstrates that California has the more significant contacts with this matter such that California law applies.

14. California law contains what is known as an anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, which acts as a method of dismissing meritless lawsuits filed against defendants for the exercise of their First Amendment rights. Application of the California anti-SLAPP statute to this matter demonstrates that dismissal is required.

15. Accordingly, and for the reasons stated in the Memorandum of Law in Support hereof, the California anti-SLAPP statute requires that this matter be dismissed with prejudice.

16. Finally, and alternatively to both of the above arguments, Plaintiff's defamation claims fail as a matter of law.

17. California law and Pennsylvania law employ the same basic elements for defamation claims.  Plaintiff cannot demonstrate that a reasonable person would attribute the statements to him personally such they cause him harm.

18. The referenced statements, save for one posting that Rhodes himself authored, are directed to NoFap the website/group or Rhodes' colleagues.  No reasonable person would attribute the referenced statements regarding the membership of the NoFap group or the actions of Rhodes colleagues directly to Rhodes personally.  As such, and for the same reasons outlined above, Rhodes' claims fail as a matter of law.

19. Moreover, many of the referenced statements constitute opinions, which is not actionable as defamation.

20. For the reasons more fully stated in the Memorandum in Support of this Motion, which is incorporated by reference, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendants respectfully request that this matter be dismissed with prejudice.

**A JURY TRIAL IS DEMANDED**

Date:   December 20, 2019                                               Respectfully submitted

                                                                                        CIPRIANI & WERNER, P.C.

                                                     BY:   */s/ Philip J. Sbrolla*
                                                                   PHILIP J. SBROLLA, ESQUIRE
                                                                   PA ID No.  90231
                                                                 JASON R. McLEAN, ESQUIRE
                                                                 PA ID No.  306835
                                                               650 Washington Road, Suite 700
                                                                Pittsburgh, PA  15228
                                                                (412) 536-2500
                                                                psbrolla@c-wlaw.com
                                                                jrmclean@c-wlaw.com
                                                                *Counsel for Defendants, Nicole*
                                                                *Prause and Liberos LL*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record.

                                                */s/ Philip J. Sbrolla*
                                                PHILIP J. SBROLLA, ESQUIRE