

Andrew Stebbins
astebbins@minclaw.com

May 20, 2020

**_Via Certified Mail_**
Office of University Counsel
University of Pittsburgh
1710 Cathedral of Learning
Pittsburgh, PA 15620

    RE: *Rhodes v. Prause, et al.*
       **Western District of Pennsyvlania Case No. 2:19-cv-01366**

To Whom it May Concern:

  Attached please find Plaintiff Rhodes' Subpoena to the University of Pittsburgh regarding the University's interactions with the Defendants in the above captioned matter. As you can see from the caption, the University is not a target of our lawsuit, however we have been provided the opportunity to conduct jurisdictional discovery to demonstrate the Defendants' connections to your University.

  Plaintiff Rhodes, as an alumnus of the University, appreciates your cooperation with this subpoena. If you have any questions or concerns with the subpoena, please call or email me to discuss.

          Very truly yours,

          Andrew Stebbins

ACS:dmb

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| Alexander Rhodes | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:19 - cv-01366 |
| Nicole Prause and Liberos LLC | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   University of Pittsburgh, Office of University Counsel
2400 Cathedral of Learning, 4200 Fifth Ave., Pittsburgh, PA 15260 Via Email: jol92@pitt.edu

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A

| Place: 200 Park Ave., Suite 200, Orange Village Ohio, 44121 Or Email: astebbins@minclaw.com | Date and Time: 06/11/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/20/2020

*CLERK OF COURT*                    OR

_____         _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alexander Rhodes _____ , who issues or requests this subpoena, are:

Andrew Stebbins, Minc Law, 200 Park Ave. Suite 200, Orange Village, Ohio 44122. astebbins@minclaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19 - cv-01366

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any) Plaintiff Alexander Rhodes on (date) 5/21/2020 .

☑ I served the subpoena by delivering a copy to the named person as follows: University of Pittsburgh, office of University Counsel Via Email to Josh Loncar @ Jol92@Pitt.edu on (date) 5/21/2020 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ ∅ for travel and $ ∅ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 5/21/2020

_Darcy Buxton_
Server's signature

Darcy Buxton, Paralegal
Printed name and title

200 Park Ave. Suite 200, Orange Village, Ohio 44122
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1. Copies of all documents referring or relating to any employment, subcontracting, affiliation, study collaboration, or other professional relationship between The University of Pittsburgh (hereinafter "University") and Nicole Prause.

2. Copies of all documents referring or relating to any employment, subcontracting, affiliation, study collaboration, or other professional relationship between the University and Liberos LLC.

3. Copies of all financial documents in the University's possession, custody, or control referring or relating to Nicole Prause, Greg Siegle, and/or Liberos LLC, including, but not limited to, payment records, budgets, grants, reimbursements, or research funding, and further including any such documents referring or relating to collaborations between those three entities.

4. Copies of all records related to any project, grant, or other research funding involving or relating to Nicole Prause, Liberos LLC, or collaborations between Greg Siegle and Nicole Prause and/or Liberos LLC. Without limiting the generality of the foregoing, this includes records retained by Greg Siegle, the Institutional Review Board, the Department of Psychiatry at the School of Medicine, or any accounting or financial departments at the University.

5. Copies of all records related to any project, grant, or other research funding regarding studies to which Nicole Prause and/or Liberos LLC have an affiliation.

6. Copies of all financial records related to any project, grant, or other research association with OneTaste, Inc. or the Institute of Orgasmic Meditation (also commonly referred to as the Institute of OM).

7. Copies of any records related to the study either formally or informally titled "Treating restricted affective range in a meditation retreat model," a study conducted by Greg Siegle and Nicole Prause, which may be affiliated with the Institute of Orgasmic Meditation (also commonly referred to as the Institute of OM).

8. Copies of any records related to the study either formally or informally titled "Graduated sensory salience as an intervention for intrusive negative thinking," a study conducted in part by Nicole Prause and Greg Siegle.

9. Copies of any records related to the study either formally or informally titled "Neurological effects and health benefits of orgasmic meditation," a study conducted by Greg Siegle and Nicole Prause.

10. Copies of any records related to the study either formally or informally titled "Clinically accessible assessment of dopamine system reactivity: concurrent fMRI/EEG pilot," a study conducted by Greg Siegle which lists Nicole Prause as a collaborator, which may be affiliated with the Pittsburgh Magnetic Resonance Research Center.

11. All financial records relating to support provided to collaborative projects between Nicole Prause and/or Liberos LLC and Greg Siegle, for research projects and grants involving Nicole Prause and/or Liberos LLC, including, but not limited to, rent payments for research space or offices, payments for research equipment, subcontractor payouts, software expenses, reimbursements, and payment of any other expenses.

12. All Institutional Review Board records relating to, or associated with, any studies conducted by or affiliated with Nicole Prause and/or Liberos LLC, including, but not limited to, collaborative work with Greg Siegle and studies for which Greg Siegle is listed as the principal investigator, co-investigator, or co-principal investigator.

13. All records relating to all research, studies, grants or other projects through which employees or contractors of the University were to be directed or supervised by Nicole Prause and/or Liberos LLC, including, but not limited to, the study advertised by Liberos LLC attached hereto as Exhibit 1.

14. All records relating to any speaking engagements, visitations, or other occasions in which Nicole Prause has visited any campus of or event hosted by the University.

15. All access credentials, with passwords excluded, provided to Nicole Prause and Liberos LLC to the University network and technological services. Without limiting the generality of the foregoing, this includes email accounts, Box or file storage accounts, access to the Pitt Passport, access to journal subscriptions, and other University-provided software and technology services.

16. Dates and timestamps for access by Nicole Prause and Greg Siegle to the following academic journal article during the month of April 2020: https://www.tandfonline.com.pitt.idm.oclc.org/doi/abs/10.1080/0092623X.2014.935539 titled "Patient Characteristics by Type of Hypersexuality Referral: A Quantitative Chart Review of 115 Consecutive Male Cases".

17. Dates and timestamps for access by Nicole Prause and Greg Siegle to the following academic journal article during the month of May 2019: https://link-springer-com.pitt.idm.oclc.org/article/10.1007%2Fs10508-018-1327-z titled "Measuring Self-Perceived Effects of Pornography: A Short-Form Version of the Pornography Consumption Effects Scale".

18. Dates and timestamps for access by Nicole Prause and Greg Siegle to the following academic journal article during the month of June 2019: https://link-springer-com.pitt.idm.oclc.org/article/10.1007%2Fs10508-019-1406-9 titled "Response to Commentaries".

19. All emails sent from or received by the University account(s) of Greg J. Siegle, including gsiegle@pitt.edu, between Greg Siegle, Nicole Prause and/or Liberos LLC that refer or relate to Alexander Rhodes and/or NoFap.

www.liberoscenter.com

HOME   RESEARCH   SERVICES   APPOINTMENT   ABOUT   SHOP   CONTACT

Liberos: The freedom to desire

## Jobs

### Meditation study

The <mark>University of Pittsburgh</mark> is hiring multiple positions for a research grant. The grant is to study the ability of meditation to improve a common symptom of trauma experience, emotional numbing. Participants are clinically screened prior to enrollment, then attend a week at a beautiful retreat in northern California to learn meditation. During that week, we further assess them, including with psychophysiological measures. The study is overseen by federal ethics review and all candidates will adhere to those standards. If you are not HIPPA/IRB trained, we will train you. All candidates will be expected to be on-site for some portion of their work (described below). Hires are through the University of Pittsburgh.

All candidates should be comfortable researching sexual topics, including discussing genital measures with study participants and showing erotic imagery and films.

The employee may choose to live at the retreat center for rates comparable to the surrounding area, off-site, or part-time, as suits their needs and requirements of the position. We do not discriminate on the basis of, well, anything, but gender (identity), sexual orientation, age, family status, religion, politics - if you are qualified, we want you.

### Application

[Brief] Cover letter, including the position(s) for which you are applying, and a curriculum vitae (or resume). Select "Job Applicant" on this form to provide that information. You should receive a confirmation email of receipt.

www.liberoscenter.com/jobs/

### Positions available

*Updates: We have interviewed four candidates and anticipate making our first offer next week.*

### Clinician

This clinician must have completed at least master's degree training in mental health. They will be responsible for performing clinical screening by (HIPPA-compliant) video for a large volume of study volunteers, including evaluation of study inclusion/exclusion criteria. They perform evaluation of couples as they start and finish their week at the retreat center, so it may be possible to be on-site part-time. This position is supported by a California-licensed clinician (Prause) and clinical trials expert (Siegle). Licensure in California is desirable. Salary expected: $104,000

### Research assistant (3 positions)

These positions are on-site for work. Training is provided in collecting a high-volume of psychophysiological data from study participants. Ideal candidates would be PhD candidates or recent graduates with experience in a psychophysiology laboratory. Advanced undergraduates will be considered. Any experience with Matlab, EGI, MindWare, R, or computer science generally should be mentioned in the application. Opportunities for participation in publications exist dependent on ability to contribute. Salary expected: $58,500

### Study coordinator

This non-technical position is ideal for someone who wants and enjoys working with people, especially providing non-judgmental information and support. This lynch-pin position will maintain the online scheduling system, coordinate scheduling of research participants, clinician, and research assistants, and maintain excellent communication between the study site and universities. Basic computer skills are required, but not at the level of the research assistants. Expect some weekend work, which will be planned in advance, because study participants arrive/depart over the weekends. Exact days off negotiable as your lifestyle prefers. Salary expected: $78,000

Case 2:19-cv-01366-MPK   Document 34   Filed 05/15/20   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ALEXANDER RHODES | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 2:19-cv-01366 |
| v. | ) | |
| | ) | |
| NICOLE PRAUSE | ) | Honorable Maureen P. Kelly |
| | ) | United States Magistrate Judge |
| and | ) | |
| | ) | |
| LIBEROS LLC | ) | *Electronically Filed* |
| | ) | |
| *Defendants* | ) | Re: ECF No. 33 |

## ~~PLAINTIFF RHODES' PROPOSED ORDER~~

This matter being heard on May 15, 2020, and for good cause shown, this Court hereby GRANTS Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery. Plaintiff is permitted to conduct both written and oral discovery upon Defendants, Defendants' witness Greg Siegle, the University of Pittsburgh, and any Pennsylvania State Agency which have received reports filed against Plaintiff Rhodes. This Court hereby GRANTS ~~Plaintiff 90 days~~ the parties until July 15, 2020 to complete such limited discovery.

Further, this Court GRANTS Plaintiff's Request for a Continuance of the Evidentiary Hearing set for June 11, 2020. This matter is hereby reset for an evidentiary hearing on Aug. 20, 2020 at 9:00 a.m. Each party may file supplemental brief on the issue of jurisdiction by July 24, 2020.

IT IS SO ORDERED.

May 15, 2020
DATE

JUDGE MAUREEN P. KELLY