

**Andrew Stebbins**
astebbins@minclaw.com

May 20, 2020

*<u>Via Certified Mail</u>*
Pennsylvania Department of State
Legal Office
Penn Center, 2601 N. 3rd St.
Harrisburg, PA 17110

      RE:   *Rhodes v. Prause, et al.*
                Western District of Pennsyvlania Case No. 2:19-cv-01366

To Whom it May Concern:

    Attached please find Plaintiff Rhodes' Subpoena to the Pennsylvania Department of State regarding reports made to the Pennsylvania Psychology Board and the Pennsylvania Department of Charities.

    If you have any questions or concerns with the subpoena, please call or email me to discuss.

                            Very truly yours,

                            Andrew Stebbins

ACS:dmb

200 Park Avenue, Suite 200, Orange Village, Ohio 44122   Direct 216-373-7706   Fax 440-792-5327   MincLaw.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| Alexander Rhodes <br> *Plaintiff* <br> v. <br> Nicole Prause and Liberos LLC <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:19 - cv-01366 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Pennsylvania Department of State, Legal Office, Penn Center,
2601 N. 3rd St., Harrisburg, PA 17110

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Andrew Stebbins <br> 200 Park Ave. Suite 200, Orange Village, Ohio 44122 <br> or email: astebbins@minclaw.com | Date and Time: <br> 06/11/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/20/2020

            *CLERK OF COURT*                                OR    *[signature]*

            *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alexander Rhodes
_____, who issues or requests this subpoena, are:
Andrew Stebbins, Minc Law, 200 Park Ave. Suite 200, Orange Village, Ohio 44122. astebbins@minclaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19 - cv-01366

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Plaintiff Alexander Rhodes on *(date)* 5/21/2020 .

☑ I served the subpoena by delivering a copy to the named person as follows: Pennsylvania Department of State via Certified Mail to: Penn Center, 2601 N. 3rd St. Harrisburg, PA 17110 on *(date)* 5/21/2020 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 0 for travel and $ 0 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 5/21/2020

*Server's signature:* Darcy Buxton

*Printed name and title:* Darcy Buxton, Paralegal

*Server's address:* 200 Park Ave. Suite 200, Orange Village Ohio 44122

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

1. Copies of all intake records for complaints made against Alexander Rhodes to the Pennsylvania State Board of Psychology from January 1, 2018 to present. This includes, but is not limited to, the identity and contact information of the complainant.

2. Copies of all intake records for complaints made against Alexander Rhodes to the Pennsylvania Department of State Division of Charities Investigation Unit/Audits from January 1, 2018 to present. This includes, but is not limited to, the identity and contact information of the complainant.

3. Copies of all intake records for complaints made against NoFap LLC to the Pennsylvania State Board of Psychology from January 1, 2018 to present. This includes, but is not limited to, the identity and contact information of the complainant.

4. Copies of all intake records for complaints made against NoFap LLC to the Pennsylvania Department of State Division of Charities Investigation Unit/Audits from January 1, 2018 to present. This includes, but is not limited to, the identity and contact information of the complainant.

5. Copies of all intake records for complaints made against Alexander Rhodes and/or NoFap LLC to any other Pennsylvania State agency from January 1, 2018 to present. This includes, but is not limited to, the identity and contact information of the complainant.

6. A copy of all electronically stored information and metadata in regard to complaints received against Alexander Rhodes and/or NoFap LLC from January 1, 2018 to present. This includes, but is not limited to, IP addresses in connection to who submitted the complaint(s) and email addresses in connection to who submitted the complaint(s).

7. Copies of the entire investigative files for complaints made against Alexander Rhodes to the Pennsylvania State Board of Psychology from January 1, 2018 to present.

8. Copies of the entire investigative files for complaints made against Alexander Rhodes to the Pennsylvania Department of State Division of Charities Investigation Unit/Audits.

9. Copies of the entire investigative files for complaints made against NoFap LLC to the Pennsylvania State Board of Psychology from January 1, 2018 to present.

10. Copies of the entire investigative files for complaints made against NoFap LLC to the Pennsylvania Department of State Division of Charities Investigation Unit/Audits from January 1, 2018 to present.

11. Copies of the entire investigative files for complaints made against Alexander Rhodes and/or NoFap LLC to any other Pennsylvania State Agency from January 1, 2018 to present.

12. Copies of all witness statements, whether written or recorded, taken in response to complaints made against Alexander Rhodes from January 1, 2018 to present.

13. Copies of all witness statements, whether written or recorded, taken in response to complaints made against NoFap LLC from January 1, 2018 to present.

14. List of all investigators who have worked on, or overseen, any investigations into Alexander Rhodes and/or NoFap LLC from January 1, 2018 to present.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ALEXANDER RHODES | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 2:19-cv-01366 |
| v. | ) | |
| | ) | |
| NICOLE PRAUSE | ) | Honorable Maureen P. Kelly |
| | ) | United States Magistrate Judge |
| and | ) | |
| | ) | |
| LIBEROS LLC | ) | *Electronically Filed* |
| | ) | |
| *Defendants* | ) | Re: ECF No. 33 |

<u>~~PLAINTIFF RHODES' PROPOSED~~ ORDER</u>

This matter being heard on May 15, 2020, and for good cause shown, this Court hereby GRANTS Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery. Plaintiff is permitted to conduct both written and oral discovery upon Defendants, Defendants' witness Greg Siegle, the University of Pittsburgh, and any Pennsylvania State Agency which have received reports filed against Plaintiff Rhodes. This Court hereby GRANTS ~~Plaintiff 90 days~~ the parties until July 15, 2020 to complete such limited discovery.

Further, this Court GRANTS Plaintiff's Request for a Continuance of the Evidentiary Hearing set for June ~~15~~ 11, 2020. This matter is hereby reset for an evidentiary hearing on Aug. 20, 2020 at 9:00a.m. Each party may file supplemental brief on the issue of jurisdiction by July 24, 2020.

IT IS SO ORDERED.

May 15, 2020
DATE

JUDGE MAUREEN P. KELLY